IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARK A. WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09CV241 |
| | ) | |
| MIDCAROLINA BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the Rule 12(b)(6) motion to dismiss filed by Defendant MidCarolina Bank ("MidCarolina"). (Docket No. 10.) Plaintiff Mark A. Ward has filed an opposition to the motion to dismiss, and MidCarolina Bank has filed a reply. The motion to dismiss is ready for a ruling.

The Complaint

In his *pro se* Complaint, Plaintiff Ward states that he brings this action for relief pursuant to 42 U.S.C. §§ 3617, 1982, and 1985 "as a result of defendant's conspiracy to interfere with plaintiff's protected rights, discriminatory conduct designed to remove plaintiff from his home as retaliation against plaintiff for engaging in protected activity." (Docket No. 3, Complaint ("Compl.") at 1.) He alleges that he was wrongfully evicted from his previous home at 170 Summit Street, #21, in the Buckeye Townhomes of Rural Hall, North

Carolina. Plaintiff alleges that "two (2) MidCarolina Officers were fully aware that Jett [Properties] and its tenants were violating plaintiff's legally protected rights [to prevent others from engaging in ball throwing games in and around the complex parking lot]." (*Id*. at 4., Ex. A.) He states that Jett purchased the townhouse Plaintiff was living in for the purpose of evicting him. He further alleges that "Jett already had confirmation from defendant MidCarolina that MidCarolina would agree to provide the funds to Jett to purchase plaintiff's home, unit 21 . . ., rendering defendant MidCarolina a key, essential, willing participant in the calculated scheme to remove the black man, plaintiff, from his home in retaliation for enforcing his protected rights." (*Id*. at 3.) He concludes that MidCarolina Bank "knowingly and willingly participated in a conspiratorial calculated scheme with Jett that was designed with the express purpose of removing plaintiff from his home." (*Id*. at 5.) Plaintiff Ward seeks compensatory and punitive damages.

## The Rule 12(b)(6) Standard of Review

Dismissal is proper under Rule12(b)(6) where a plaintiff fails to plead a short and plain statement of the claim showing the pleader is entitled to relief. *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). For the purposes of Rule 12(b)(6), the Court is not required to accept as true the legal conclusions set forth in a plaintiff's complaint. *District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," as opposed to merely conceivable on some undisclosed set of facts. *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (citations omitted).

Discussion

A review of the complaint demonstrates conclusively that Plaintiff Ward has not stated a claim against Defendant MidCarolina Bank sufficient to withstand application of the *Twombly* test. Plaintiff's complaint against MidCarolina purports to be grounded in conspiracy. Plaintiff contends that MidCarolina conspired with Jett Properties to deprive Plaintiff, a black man, of his civil rights. MidCarolina did so, according to the Complaint, by providing funds to Jett to finance the purchase of the townhome which Plaintiff leased. Plaintiff was thereafter evicted by Jett. The Complaint is utterly devoid, however, of any factual allegations that would give rise to an inference of a conspiracy entered into by MidCarolina to violate Plaintiff's civil rights or to discriminate based on race. Plaintiff includes as exhibits to the Complaint letters that he wrote to MidCarolina representatives. None of these letters makes any mention of alleged racial animus directed toward Plaintiff by any person or entity. Instead, Plaintiff mentions in the letters that he believes he is going to be evicted for enforcing his "rights," but these rights related to his efforts to keep others from playing ball near his property. (Compl., Exs. B, C, D.)

Accordingly, Plaintiff states no cause of action under 42 U.S.C. § 3917, 1982, or 1985. His claim of conspiracy between MidCarolina and Jett Properties is entirely conclusory and is unsupported by any factual assertion that could lend plausibility to the claim. The complaint must be dismissed on that ground alone. *See Karagiannopoulos v. City of Lowell*, No. 3:05-cv-00401-FDW, 2008 WL 2447362 at *6 (W.D.N.C. June 13, 2008)(conclusory allegations of conspiracy are not enough).

Additionally, Plaintiff has no Fair Housing claim because there is no allegation that he exercised a right protected by 42 U.S.C. §§ 3603-3606. His letters to MidCarolina referenced his property right to prevent others from playing ball near his townhome, not an entitlement to be free of racial discrimination. MidCarolina was not put on notice that Plaintiff believed he was being discriminated against on the basis of racial animus. His claims under 42 U.S.C. §§ 1982 and 1985 fail for the same reasons. *Cf. McHaney v. Spears*, 526 F. Supp. 566, 574 (D.C. Tenn. 1981)(requirements necessary to establish a case under § 1982 are similar to those of the Fair Housing Act). Under the allegations of the Complaint, conjoined with the contents of the exhibits thereto, Plaintiff Ward's conclusory legal allegations of violation of his "civil rights" or his "protected rights" are insufficient to support a legal claim. *See generally Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 326 (4th Cir. 2001.)

## Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that the motion to dismiss filed by MidCarolina Bank (Docket No. 10) be granted in its entirety, and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: October 16, 2009